IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JOHN B. DEMERE and )
AMERICAN CARIBBEAN EXPRESS )
SERVICES, LLC, )
    )
    )
    Plaintiffs, )
    ) CASE NO. CV407-26
v. )
    )
DEAN KOY and ROY BEKEN, )
    )
    Defendants. )
    )

## O R D E R

Before the Court is Defendant Roy Beken's Motion to Dismiss for Lack of Personal Jurisdiction. (Doc. 15.) After careful consideration, the Motion is **DENIED**.[1]

## BACKGROUND[2]

This action is a shareholder dispute regarding a Mexican corporation named Grupo Triad Meridian, S.A. de C.V. ("Grupo"). Grupo's business was to dredge or mine oyster shells in Mexico and ship them to the United States for sale. Plaintiff John Demere, a Savannah, Georgia resident, invested $250,000 to acquire a partial interest in Grupo. Plaintiff American Caribbean Express Services, LLC ("ACES"), a Savannah-based shipping business, entered into a shipping services agreement with Grupo. The other shareholders of

---

[1] The Motion for Hearing on this issue is **DENIED**. (Doc. 26.)
[2] On a motion to dismiss for lack of personal jurisdiction, the facts must be viewed in the light most favorable to the nonmoving party. Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 255 (11th Cir. 1996).

Grupo are Defendant Roy Beken, Defendant Dean Koy, and Charles Newlin, all residents of Texas. Defendant Beken has moved to dismiss for lack of personal jurisdiction.[3]

This dispute is the second action filed before this Court arising from Plaintiff Demere's investments and business relationships with Grupo. In the original action, Demere brought suit against Newlin regarding ownership of Grupo stock. As of August 30, 2005, Demere claimed to own 12.5% of Grupo stock, while Newlin claimed that Demere owned only 6.29%. See Demere v. Newlin, CV405-91 (S.D. Ga. filed June 9, 2005). At the time, Beken owned 24.47% of Grupo, and Koy owned 44.95%.

Newlin contested the issue of personal jurisdiction in the original suit. After a hearing, the Court held that personal jurisdiction was proper in the Southern District of Georgia and that the case could proceed in this Court.[4]

Shortly after the Court's Order denying Newlin's Motion to Dismiss, Beken sent an e-mail to Demere encouraging him to resolve the dispute. According to Beken, the litigation between Demere and Newlin was hindering the development of Grupo, and Beken was

---

[3] Defendant Koy has also moved to dismiss for lack of personal jurisdiction. However, the parties have indicated in their Joint Status Report that Plaintiff and Defendant Koy have reached a settlement in this matter.

[4] Demere's action against Newlin was brought pursuant to the Securities Exchange Act. 15 U.S.C. § 78. Because the Securities Exchange Act authorizes service of process "wherever the defendant may be found," the Court held that jurisdiction was proper. Demere v. Newlin, CV405-91 (S.D. Ga. Aug. 30, 2005). The Court did not

concerned that several business deals were being placed on hold because of the lawsuit brought by Demere, a relatively small shareholder.

In an effort to resolve the first suit, Demere initiated contact with Newlin to seek a resolution of their disputes which would place Grupo and ACES back in full operation. Demere and Newlin worked on the initial parameters of an agreement which included a complete listing of all Grupo ownership interests, protections for Grupo minority shareholders, the transfer of a 49% interest in ACES to Beken and Koy, and a long-term shipping contract between Grupo and ACES. Demere and Newlin contemplated that all Grupo shareholders would need to agree to the parameters of this agreement. Newlin presented the proposal to Beken and Koy, and Demere hired Savannah attorneys and Mexican attorneys to draw up the agreements.

On December 5 and 6, 2005, Demere and Koy exchanged e-mail correspondence, which was also forwarded to Beken. Demere subsequently spoke by phone to Beken and Koy, who both agreed to the proposal. (Doc. 18, Demere Aff. ¶ 9.) Demere scheduled a meeting to close the transaction at his offices in Savannah, Georgia on December 12, 2005. Newlin confirmed that he, his counsel, Beken, and Koy would all attend the Savannah meeting.

---

consider the effect of the Georgia Long Arm Statute in reaching its decision.

The day before the meeting, Beken and Koy decided not to personally come to Savannah. Instead, they attended the meeting by phone. According to Demere:

> The meeting took place on December 12, 2005 at my Savannah office as scheduled. We communicated by phone with Grupo's corporate counsel, Defendant Beken and Mr. Koy as needed and reached an agreement. My lawyers and Mr. Newlin's lawyer drafted an initial set of written agreements for review. Mr. Newlin agreed to present these drafts to Defendant Beken and Mr. Koy for review.

(Id. ¶ 10.)

In early January of 2006, Demere e-mailed the other parties to seek suggested revisions and comments on the agreements. Koy provided suggestions, which were incorporated into the agreement. Beken did not provide comments. Demere states:

> I subsequently called Mr. Koy on January 23, 2006 to confirm he and everyone else was in agreement with the revised agreements. And on January 24, 2006, I confirmed this status with all Grupo shareholders including Defendant Beken and enclosed the revised agreements to be signed by all Grupo shareholders including Defendant Beken.

(Id.) This is the last alleged communication between Demere and Beken regarding the contract negotiations.

Demere then received a phone call from Newlin informing him that Beken had refused to sign the agreements. According to Demere, "Mr. Newlin confirmed Mr. Beken still agreed to all actions to be performed by Grupo, including . . . the Grupo minority shareholder protections . . . ." (Id. ¶ 12.)

The final settlement agreements were revised to exclude Beken. Beken's interest in Grupo remained unchanged, and he did not taken any ownership interest in Savannah-based ACES. The shareholders met and enacted the minority shareholder protections called for by the agreements.

In the instant action, Demere alleges that Beken and Koy knew in advance that they would not abide by the terms of the agreement and that they planned to use their collective majority as Grupo shareholders to eliminate the minority shareholder protections enacted in accordance with the agreement. The Complaint states that Beken and Koy called undisclosed Grupo shareholder meetings where the minority shareholder protections were withdrawn. The Complaint alleges that they then attempted to dilute Grupo stock by offering new shares.

Demere has brought this action to enforce the settlement agreement. He also brings a claim for fraudulent inducement, in which he alleges that Beken and Koy made material misrepresentations of fact leading up to and in the terms of the settlement agreement. He alleges that he justifiably relied on their false promises and suffered damages as a result.

Defendant Beken has filed a Motion to Dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

5

**ANALYSIS**

I. <u>**Standard of Review**</u>

On a motion to dismiss for lack of personal jurisdiction involving no evidentiary hearing, the Plaintiff bears the burden of establishing a prima facie case of jurisdiction over the non-resident defendant. <u>Robinson v. Giarmarco & Bill, P.C.</u>, 74 F.3d 253, 255 (11th Cir. 1996)(citing <u>Madara v. Hall</u>, 916 F.2d 1510, 1514 (11th Cir. 1990)). In order to establish a prima facie case, the plaintiff must present "enough evidence to withstand a motion for directed verdict." <u>Madara</u>, 916 F.2d at 1514. The allegations set forth in the complaint must be regarded by the court as true, "to the extent they are uncontroverted by defendant's affidavits." <u>Id.</u> Furthermore, when the parties' evidence conflicts, "the district court must construe all reasonable inferences in favor of the plaintiff." <u>Id.</u>

II. <u>**The Georgia Long Arm Statute and Due Process**</u>

A court may only exercise personal jurisdiction over a nonresident defendant in accordance with the state long-arm statute and the Due Process Clause of the United States Constitution. <u>Nippon Credit Bank, Ltd. v. Matthews</u>, 291 F.3d 738, 746 (11th Cir. 2002). Federal courts in Georgia are bound by the Georgia Long Arm Statute. <u>Id.</u> Personal jurisdiction may be exercised if the nonresident "[t]ransacts any business within this state." O.C.G.A. § 9-10-91(1). The Supreme Court of Georgia has held that because

6

this section of the Georgia Long Arm Statute contains no explicit limiting conditions, such as the requirement of physical presence, a literal construction "grants Georgia courts the unlimited authority to exercise personal jurisdiction over a nonresident who transacts any business in this State." <u>Innovative Clinical & Consulting Serv., LLC v. First Nat'l Bank of Ames</u>, 279 Ga. 672, 675, 620 S.E.2d 352 (2005)(overruling all prior cases following a narrower interpretation of "transacts any business"). The statute therefore confers jurisdiction "to the maximum extent permitted by procedural due process." <u>Id.</u>

"Jurisdiction exists on the basis of transacting business in [Georgia] if (1) the nonresident defendant has purposefully done some act or consummated some transaction in this state, (2) if the cause of action arises from or is connected with such act or transaction, and (3) if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice." <u>Aero Toy Store, LLC v. Grieves</u>, 279 Ga. App. 515, 518, 632 S.E.2d 734 (2006). The first two prongs of this jurisdictional test are used to determine whether the defendant has sufficient minimum contacts with the forum. <u>Id.</u> Specifically, a defendant will be fairly apprised of his duty to defend himself in a foreign state if he has "purposefully directed" his activities at residents of the forum and if the litigation results from alleged injuries that "arise out of or relate to" those activities. E.g., <u>Burger</u>

King Corp. v. Rudzewicz, 471 U.S. 462, 472, 104 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)(citations omitted).

Modern day contracts are frequently accomplished through communications that obviate the need for physical presence within a state. Burger King, 471 U.S. at 476. Courts often find that jurisdiction lies where a contract is formed or where it contemplates performance. Id., 471 U.S. at 479. Where the forum state is the point for payment and delivery, a contract "logically require[s] contact" with the forum. S & Davis Int'l Inc. v. Yemen, 218 F.3d 1292, 1305 (11th Cir. 2000). Additionally, mail and telephone contacts are sufficient to confer jurisdiction. Bank of Ames, 279 Ga. at 676. "[P]arties who 'reach out beyond one state and create continuing legal obligations with citizens of another state' are subject to regulations and sanctions in the other State for the consequences of their activities." Burger King, 471 U.S. at 473 (citing Travelers Health Assn. v. Virginia, 339 U.S. 643, 647, 70 S. Ct. 927, 929, 94 L. Ed. 1154 (1950)).

If minimum contacts are established, courts may look to several factors to determine whether the exercise of jurisdiction would offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945). These factors include "the burden on the defendant;" "the forum State's interest in adjudicating the dispute;" "the plaintiff's interest in obtaining convenient and

effective relief;" "the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies." World-Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 292, 100 S. Ct. 559, 62 L. Ed. 2d. 490 (1980).

### III. Defendant Beken's Motion to Dismiss

Defendant Beken contends that he lacks sufficient minimum contacts to warrant personal jurisdiction in the state of Georgia. He argues that his only contact with the forum state was his participation in negotiations over the telephone involving a lawsuit to which he was not a party and a contract that he did not sign. He maintains that this activity is not enough to establish minimum contacts and that the Court's exercise of jurisdiction would therefore be unfair.

The Court disagrees. This cause of action arises out of Defendant Beken's participation in negotiations to resolve a Georgia lawsuit. First, Beken purposefully reached out to Demere by e-mail to encourage a resolution of the dispute between the shareholders. Second, Beken allegedly indicated his assent to the proposed agreement in a telephone call with Demere in Savannah. Third, Beken attend a meeting in Savannah by phone where all Grupo shareholders allegedly agreed to the enactment of the minority shareholder protections.

Because mail and telephone contacts can be sufficient to confer jurisdiction, it is immaterial, under the facts of this case, that Beken attended the meeting by telephone and not in person. The key point is that the alleged misrepresentations were made at a meeting held in Savannah and regarding the settlement of a Georgia lawsuit. The Court holds that the "transacting business" prong of the Georgia Long Arm Statute includes making fraudulent misrepresentations over the telephone at a business deal occurring in Georgia. Beken purposefully directed these alleged misrepresentations at Georgia. And because the cause of action arises directly out of these contacts with the state, the exercise of jurisdiction is consistent with a minimum contacts analysis under the Due Process Clause.

The element of alleged fraud provides another touchstone for the Court's exercise of personal jurisdiction. "When a person sustains loss by fraud, the place of wrong is where the loss is sustained, not where fraudulent misrepresentations were made." Restatement of Conflicts of Laws, § 377 n.4 (1934); International Business Machines Corp. v. Kemp, 244 Ga. App. 638, 641, 536 S.E.2d 303 (2000). As an illustration, the Restatement provides:

> A, in state X, owns shares in the M company. B, in state Y, fraudulently persuades A not to sell the shares. The value of the shares falls. The place of wrong is X.

Rest. § 377. Because Demere alleges that Beken's fraudulent misrepresentations caused a loss to him in Georgia, the Court holds

that Beken's business activities were sufficiently connected to Georgia to allow the Court to exercise personal jurisdiction over him.

The Court also finds that subjecting Defendant to suit in this District would not cause him such inconvenience that it would fail to comport with traditional notions of fair play and substantial justice. Only in "highly unusual cases" will the defendant's inconvenience rise to this level of constitutional concern because "'[m]odern means of communication and transportation have lessened the burdens of defending a lawsuit in a distant forum'" Republic of Panama v. BCCI Holdings, 119 F.3d 935, 947 (11th Cir. 1997). After considering the factors set forth in World-Wide Volkswagon, 444 U.S. at 292, the Court holds that the Court's exercise of jurisdiction is consistent with due process.

## CONCLUSION

In light of the foregoing analysis, Defendant Beken's Motion to Dismiss is **DENIED**.

SO ORDERED, this 27th day of March, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA